An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENDAN JAMES NASBY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67580

**FILED**

SEP 1 1 2015




TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Brendan James Nasby's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant filed his petition on December 9, 2014, more than 13 years after remittitur issued from his direct appeal. *Nasby v. State*, Docket No. 35319 (Order of Affirmance, February 7, 2001). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously filed other post-conviction petitions,[1] and it constituted an abuse of the writ to the extent he raised claims new and different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was thereby procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

---

[1]*Nasby v. State*, Docket No. 58579 (Order of Affirmance, February 8, 2012); *Nasby v. State*, Docket No. 47130 (Order of Affirmance, June 18, 2007).

15-27547

Further, because the State pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant asserted that he had good cause to excuse the procedural defects because (1) his previous post-conviction counsel were ineffective, (2) he recently located evidence supporting a prior ineffective-assistance claim, and (3) the district court order denying his first petition was void. To establish good cause "a petitioner must show that an impediment external to the defense prevented him or her from complying with the state procedural default rules." *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant's reasons for the delay in filing his petition do not constitute good cause. *See Brown v. McDaniel*, 130., Nev. Adv. Op. 60, 331 P.3d 867, 870 (2014). Appellant also failed to overcome the presumption of prejudice to the State and therefore his petition is procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Douglas

[2]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

CHERRY, J., concurring:

Although I would extend the equitable rule recognized in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to this case because appellant was convicted of murder and is facing a severe sentence, *see Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867 (2014) (Cherry, J., dissenting), I concur in the judgment on appeal.

_____Cherry_____, J.
Cherry

cc:   Hon. William D. Kephart, District Judge
      Brendan James Nasby
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk